UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action

ALICE ALYSE,

**Plaintiff,**

v.                           CASE NO: 06-21627-CIV-JORDAN/KLEIN

ACTORS' EQUITY ASSOCIATION,

**Defendants.**
_____/

**PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEY FRANKLIN K. MOSS
AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Plaintiff, ALICE ALYSE ("ALYSE"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure; Southern District Local Rule 11.1.C and 4.B; Florida Rules of Judicial Administration 2.510(a)(4), (b)(7) and (8); and the Rules Regulating the Florida Bar, and in support thereof states:

On November 9, 2006, Florida counsel filed a Motion to Appear Pro Hac Vice on behalf of New York counsel, Franklin K. Moss, in the above matter. [D.E. 33]. In support thereof, Mr. Moss filed a Declaration which he signed. [D.E. 33]. In reliance thereon, the Court entered an Order granting same. [D.E. 39].

Most significant about Moss' Declaration is the admission that he is a witness in this case, albeit, in his view, not a trial witness, and its glaring omissions constituting violations of the Southern District Local Rules, and by incorporation, the Rules Regulating the Florida Bar, including the Rules of Professional Conduct and the Florida Rules of Judicial Administration pertaining to foreign counsel.

Rule 4.B, So.Dist.L.R., states, "**Limited Appearance**. Any attorney who is a member in good standing of the bar of any United States Court . . . but is not admitted to practice in the Southern District of Florida may, upon written application . . . be permitted to appear and participate in a particular case. A certification that the applicant has studied the local rules shall accompany application . . ."

Rule 11.1.C, So.Dist.L.R., states, "**Professional conduct**. The standards of professional conduct on members of the Bar of this Court shall include the Rules Regulating the Florida Bar. For a violation of any of these canons in connection with any matter pending before this Court, an attorney may be subjected to appropriate disciplinary action."

Rule X, So.Dist.L.R., also reads, "Whenever an attorney applies to be admitted or is admitted to this Court for purposes of a particular proceeding (pro hac vice), the attorney shall be deemed thereby to have conferred disciplinary jurisdiction upon this court for any alleged misconduct arising in the course of or in the preparation for such a proceeding which is a violation of this Court's Local Rules and/or the Rules of Professional Conduct adopted by this Court as provided in these Rules."

Rule 2.510(a), Fla.R.Jud.Admin, respecting foreign counsel unequivocally states, "No attorney is authorized to appear pursuant to this rule if the attorney . . . (4) has failed to give notice to The Florida Bar or pay the filing fee as required by subdivision (b)(7)."

Rule 2.510(b), Fla.R.Jud.Admin., further reads, "**Contents of Verified Motion** . . . the verified motion required by subdivision (a) shall include . . . (7) a certificate indicating service of the verified motion upon all counsel of record in the matter in which leave to appear pro hac vice is sought and upon The Florida Bar at its Tallahassee office accompanied by a $250.00 filing fee made payable to The Florida Bar or notice of waiver of the fee; and (8) a verification by the attorney seeking to appear pursuant to this rule . . ."

Similarly, The Florida Bar's companion Rule 1-3.10 states:

**Appearance by Non-Florida Lawyer in a Florida Court (c) Content of Verified Motion for Leave to Appear.** Any verified motion filed under this rule or the applicable provisions of the Florida Rules of Judicial Administration shall include: (1) a statement identifying all jurisdictions in which the lawyer is currently eligible to practice law; (2) a statement identifying by date, case name, and case number all other matters in Florida state courts in which pro hac vice admission has been sought in the preceding 5 years, and whether such admission was granted or denied; (3) a statement identifying all jurisdictions in which the lawyer has been disciplined in any manner in the preceding 5 years and the sanction imposed, or all jurisdictions in which the lawyer has pending any disciplinary proceeding, including the date of the disciplinary action and the nature of the violation, as appropriate; (4) a statement identifying the date on which the legal representation at issue commenced and the party or parties represented; (5) a statement that all applicable provisions of this rule and the applicable provisions of the Florida Rules of Judicial Administration have been read and that the verified motion complies with those rules; (6) the name, record bar address, and membership status of the Florida Bar member or members associated for purposes of the representation; (7) a certificate indicating service of the verified motion upon all counsel of record in the matter in which leave to appear pro hac vice is sought and upon The Florida Bar at its Tallahassee office accompanied by a nonrefundable $250.00 filing fee made payable to The Florida Bar or notice of the waiver of the fee; and (8) a verification by the lawyer seeking to appear pursuant to this rule or the applicable provisions of the Florida Rules of Judicial Administration and the signature of the Florida Bar member or members associated for purposes of the representation.

While the Southern District Local Rules do not specifically require a verified motion for admission pro hac vice, the rules do require "A certification that the applicant has studied the local rules shall accompany application . . ." Rule 4.B.1, So.Dist.L.R.

Had Mr. Moss bothered to read the local rules -- which he conspicuously failed to certify having done so in his motion -- he would have known about the requirement to have knowledge and familiarity with the Rules Regulating the Florida Bar, which at minimum require foreign counsel's compliance with Rule 1-3.10, including registration with the Bar and payment of the $250.00 registration fee.

3

In this instance, Mr. Moss has failed to do either, even though he has had almost two years in which to do so, meaning Mr. Moss is clearly engaged in the Unlicensed Practice of Law in the state of Florida. (See Letter from Bar Counsel Jeffrey T. Picker, UPL Headquarters dated June 16, 2008 attached hereto as Exhibit "1").

Not only is Mr. Moss' Declaration deficient in this regard, it's also grossly disingenuous in another.

Mr. Moss states, "I do not anticipate appearing as trial counsel because I expect to be a witness . . . It is my understanding, however, that in this Court, the attorney as witness rule only disqualifies as an attorney as trial counsel and not with respect to pretrial proceedings." Rule 4-3.7(a), Rules Regulating the Florida Bar.

Rule 4-3.7(a) reads, "**When Lawyer May Testify.** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless: (1) the testimony relates to an uncontested matter."

The Comment to Rule 4-3.7(a) further states:

> Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client.
>
> The trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The combination of roles may prejudice another party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.
>
> To protect the tribunal, subdivision (a) prohibits a lawyer from simultaneously serving as advocate and necessary witness except in those circumstances specified. Subdivision (a)(1) recognizes that if the testimony will be uncontested, the ambiguities in the dual role are purely theoretical.

4

**Here Moss' testimony is anything but uncontested**. As proof, Moss' Declaration reads, "Plaintiff's [previous attorney Larry Klayman] has denied receiving a letter to him dated March 22, 2006. Plaintiff's attorney has denied receiving my letter and accused me of fabricating it post hoc. Our respective testimonies will be required to determine which of us is telling the truth."

Unstated is a letter written by Mr. Moss to Mr. Klayman in which Moss admitted the following, "Given the factual dispute between us, which will necessitate testimony from both of us if this matter goes to trial, I have serious doubts as to whether I can represent Equity in this litigation," [D.E. 30-A, p.2].

Moss filed this letter as Exhibit "A" to another Declaration he filed even before the Declaration he filed in support of his Motion for Admission Pro Hac Vice.

Accordingly, even if he does not act as trial counsel, his presence would be a contrivance; it's hard to conceive of Moss not sitting at counsel table during the trial sufficient to confuse, misle or prejudice the jury in violation of Rule 4-3.7(a). He cannot have it both ways.

Thus, the court should resolve Mr. Moss' dilemma about representing his client in this matter by ordering his disqualification based on the foregoing violations of the Southern district Local Rules, the Rules Governing the Florida Bar and the Florida Rules of Judicial Administration.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 27, 2008 a true and correct copy of the foregoing was filed with the Clerk using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below, either via transmission of Notices of Electronic filing generated by the CM/ECF system, or in some other authorized manner for those counsel of record or parties who are not authorized to receive Notices of Electronic filing.

        **J.B. HARRIS, P.A.**
        200 S. Biscayne Blvd
        Wachovia Financial Center
        Suite 5400
        Miami, FL 33131
        Tel:  (305) 374-6366
        Fax:  (305) 374-6755
        jbharrisesq@hotmail.com
        **s/ J.B. Harris**
           J.B. Harris, Esq. (FBN  495034)

| | |
|---|---|
| Kathleen Marie Phillips, Esq.<br>Patricia Ireland, Esq.<br>Phillips Richard & Rind<br>Attorneys for Defendant<br>9360 S.W. 72nd St.<br>Suite 283<br>Miami, FL 33173<br>Telephone: 305-412-8322<br>Fax: 305-412-8299<br>E-mail: kphillips@phillipsrichard.com<br>**/s/ Kathleen Marie Phillis**<br>Kathleen Marie Phillips, Esq.<br>(FBN 287873) | Franklin K. Moss, Esq.<br>Spivak Lipton Watanabe Spivak Moss & Orfan LLP<br>Attorneys for Defendant<br>1700 Broadway<br>21st Floor<br>New york, NY 10019<br>Telephone: 212-765-2100<br>Fax: 212-541-5429<br>E-Mail: fmoss@spivak-lipton.com<br>**/s/ Franklin K. Moss**<br>Franklin K. Moss, Esq.<br>Admitted *Pro Hac Vice* |