UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21627-CIV (JORDAN)

ALICE ALYSE,

    Plaintiff,

v.

ACTORS' EQUITY ASSOCIATION,

    Defendant.

_____/

## HAYLEY SCHWENN'S MOTION FOR PROTECTIVE ORDER

Hayley Schwenn, former counsel to Plaintiff ALICE ALYSE, by and through her undersigned counsel and pursuant to Fed. R. Civ. P. 26(c), files this Motion for Protective Order in response to Defendant ACTORS' EQUITY ASSOCIATION's Subpoena for Deposition, and states:

1. Hayley Schwenn, the would-be deponent, is an attorney who was briefly associated with the Klayman Law Firm from April, 2006 through April, 2007. When she left the Klayman Law Firm, she took no documents of any kind relating to this matter as the Plaintiff in this matter was the client of the Klayman Law Firm.

2. On August 22, 2008, Defendant served its Subpoena for Deposition on Hayley Schwenn. A copy of the Subpoena is attached as Exhibit "A."

3. The deposition is set for September 5, 2008 at 10:00 AM. Neither Ms. Schwenn nor her undersigned counsel were consulted regarding her availability before the deposition was set.

CASE NO. 06-21627-CIV (JORDAN)

4. Ms. Schwenn is a practicing attorney and she has a hearing and a deposition previously scheduled for September 5, 2008 and will not be able to attend the scheduled deposition.

5. The undersigned has advised Defendant's counsel regarding the scheduling conflict and Defendant's counsel has not agreed to reschedule the deposition.

6. More importantly, Ms. Schwenn was prior counsel to Plaintiff in this matter and as such, her deposition should not be taken. *See, e.g., West Peninsular Title Company v. Palm Beach County*, 132 F.R.D. 301 (S.D. Fla. 1990).

7. In order for an opposing party to depose opposing counsel, including former counsel, the party seeking the deposition has the burden of overcoming the presumptions against allowing the deposition, including that the deposition is an invitation to harass the attorney and parties, and to disrupt and delay the case. *See West Peninsular,* 132 F.R.D. at 302. Additionally, the party seeking the deposition must show the propriety and need for the deposition. *Id.*

8. "The party seeking a deposition must demonstrate that the deposition is the only practical means available of obtaining the information. Other methods, such as written interrogatories, should be employed." *Id.* In the instant case, there are other non-lawyer witnesses who may possess the same information as Ms. Schwenn who should be deposed in her stead. In addition, upon information and belief, Ms. Schwenn's prior employer, Larry Klayman, Esq., has agreed to be deposed and he may

CASE NO. 06-21627-CIV (JORDAN)

also have information which would obviate the need to take Ms. Schwenn's deposition. There has been no attempt by the Defendant to use alternative means to obtain information from Ms. Schwenn, including written interrogatories.

9. Ms. Schwenn has been advised by the Plaintiff in this matter that she is asserting all privileges, as is her right to do because she was Ms. Schwenn's client. It is well settled that "[t]he party seeking an attorney's deposition should show that the information sought will not invade the realm of the attorney's work product, or any attorney-client privilege." *Id.* The undersigned has requested Defendant's counsel, in writing and orally, to advise him of the scope and purpose of Ms. Schwenn deposition in order to discover whether the deposition will infringe on any of Plaintiff's privileges. Ms. Schwenn is willing to provide non-privileged information in accordance with the law but she needs to know what will be asked (or at least the subject matter) in order to determine whether the deposition will infringe on privileged information. Defendant's counsel has not responded to these inquiries.

10. Based upon *West Peninsular* and other decisional law regarding this issue, Defendant has the burden of showing that the information being sought is relevant, that there are no other means of obtaining the information, that the information will not invade the attorney-client or work product privileges, that the information cannot be obtained from other sources, and that other means of obtaining the information from the deponent have been employed or are inadequate. As noted in *West Peninsular*, 132 F.R.D. at 303, "innocent inquiries at deposition often implicate work product or

CASE NO. 06-21627-CIV (JORDAN)

attorney-client privileges."

11. It is respectfully requested that this Court require the Defendant to meets it burden before allowing it to depose Ms. Schwenn. It is also requested that the Court allow Ms. Schwenn an opportunity to address any assertions made by Defendant at a hearing as due process would allow.

12. In the alternative, Ms. Schwenn would request the Court to limit the deposition to areas which will not violate the attorney-client and work product privileges and/or to submit written interrogatories to Ms. Schwenn.

13. The undersigned certifies on behalf of his client, Hayley Schwenn, that he has in good faith conferred orally and in writing with Defendant's counsel in an attempt to resolve this dispute without the need for court action. Defendant has not responded to the undersigned's inquiries necessitating the filing of this Motion.

14. Hayley Schwenn seeks attorney's fees and costs for filing this Motion pursuant to Fed. R. Civ. P. 37(a)(5).

WHEREFORE, Hayley Schwenn respectfully requests that this Court enter an order quashing the Subpoena for Deposition of Hayley Schwenn, and for any other relief deemed appropriate.

Dated August 28, 2008.

Respectfully submitted,

**WELBAUM, GUERNSEY, HINGSTON, GREENLEAF, GREGORY, BLACK, RUNE & THOMAS, LLP**
Attorneys for Hayley Schwenn
901 Ponce de Leon Boulevard

CASE NO. 06-21627-CIV (JORDAN)

Penthouse Suite
Coral Gables, FL 33134
(305) 441-8900

BY:   s/ Hung V. Nguyen
**HUNG V. NGUYEN**
Florida Bar No. 597260
hnguyen@welbaum.com


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of August, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List via U.S. Mail.

s/ Hung V. Nguyen
**HUNG V. NGUYEN**
Florida Bar No. 597260

CASE NO. 06-21627-CIV (JORDAN)

**SERVICE LIST**
ALICE ALYSE v. ACTORS' EQUITY ASSOCIATION
Case No. CASE NO. 06-21627-CIV (JORDAN)
United States District Court, Southern District of Florida

Anne Janet DeAses, Esq. (Counsel for Defendant)
Phillips & Richard, P.A.
9360 SW 72nd Avenue, Suite 283
Miami, Florida 33173
Phone: (305)412-8322
Fax: (305)412-8299


J. B. Harris, Esq. (Counsel for Plaintiff)
J. B. Harris, P.A.
2555 Ponce de Leon Blvd., Suite 320
Coral Gables, Florida 33134
Phone: (888)300-6121